UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN PATRICK ADKINS,

    Plaintiff,

v.                                       Case No:   6:16-cv-754-Orl-31TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Petition for Attorney's Fees (Doc. 27). Plaintiff requests an award of fees **in the amount of $4,508.47**, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). The motion includes a schedule of the attorney's billable hours to support the application (Id. at 11-12). Defendant has not responded to the motion and the time for her to do so has expired; accordingly, I deem the motion to be unopposed. See Rosswest v. U.S. Atty. Gen., 585 F. App'x. 971, 976 (11th Cir. 2014); Strykul v. PRG Parking Orlando, L.L.C., Case No. 6:14-cv-211-Orl-31GJK, 2015 WL 789199, at *2 (M.D. Fla. Feb. 24, 2015).

Plaintiff asserts that he is the prevailing party, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time the proceeding was filed was less than two million dollars[1] (Doc. 27 at 1-2, 5-7).

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

On March 20, 2017, I entered a report and recommendation that the district court remand the case to Defendant for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 24). The district court adopted my report and recommendation on April 4, 2017 (Doc. 25). The Clerk entered judgment the next day (Doc. 26). Plaintiff filed this application for attorney's fees on July 3, 2017 (Doc. 27).

Plaintiff seeks an award based upon 20.8 hours of attorney time at $191.68 per hour and 2.6 hours of attorney time at $192.67 per hour (Id., at 2). The hours claimed are reasonable, and the hourly rates charged do not exceed the EAJA cap. 28 U.S.C. § 2412(d)(1)(A)(ii) (as amended by Pub. L. 104-126, § 232(b)(1)). Additionally, I am unaware of any special circumstances why an award of attorney's fees to Plaintiff's counsel would be unjust.

Plaintiff has attached a copy of his assignment of EAJA fees to his counsel (Doc. 27-1 at 1). In light of the assignment, Plaintiff requests that the payment be made payable to him and delivered to his counsel unless he owes a federal debt.

Now, I respectfully recommend that Plaintiff's motion be (Doc. 27) be **GRANTED**, and that Plaintiff be awarded attorney's fees **in the amount of $4,508.47** to be paid out of the judgment fund. Payment should be made to Plaintiff pursuant to the provisions of the EAJA unless: (1) Defendant determines that Plaintiff owes a debt to the Government; and (2) Defendant agrees to waive the applicable Anti-Assignment Act provisions.

**RECOMMENDED** in Orlando, Florida on July 19, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record